# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TYRONE BROCK**                                                                    **PLAINTIFF**

**V.**                              **No. 4:21-CV-00631-KGB-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.   BACKGROUND

On August 28, 2019, Mr. Tyrone Brock protectively filed an application for benefits due to a heart condition, high blood pressure, irritable bowel syndrome, and sleep apnea. *Tr. 10, 177*. His claim was denied initially and upon reconsideration.

At Mr. Brock's request, an Administrative Law Judge ("ALJ") held a hearing on November 2, 2020, where Mr. Brock appeared with his lawyer, and the ALJ heard

1

testimony from Mr. Brock and a vocational expert ("VE"). *Tr. 50-69*. The ALJ issued a decision on December 1, 2020, finding that Mr. Brock was not disabled. *Tr. 7-28*. The Appeals Council denied Mr. Brock's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-4*.

Mr. Brock, who was fifty-three years old at the time of the hearing, attended three years of college and has past relevant work experience as a correctional officer. *Tr. 66*.

## II.   THE ALJ's DECISION[1]

The ALJ found that Mr. Brock had not engaged in substantial gainful activity since June 30, 2019, the alleged onset date. *Tr. 13*. The ALJ found that Mr. Brock has the following severe impairments: hypertension, hypertensive heart disease, morbid obesity, and diverticulitis. *Id.* However, the ALJ found that Mr. Brock did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

According to the ALJ, Mr. Brock had the residual functional capacity ("RFC") to perform light work, with the following additional limitations: (1) no climbing

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

2

ladders, ropes, or scaffolds; (2) no exposure to work environments involving temperature extremes (hot or cold); (3) no concentrated exposure to pulmonary irritants such as fumes, odors, and gases; and (4) no exposure to off-site work away from restroom facilities. *Tr. 14*.

In response to hypothetical questions incorporating the above limitations, the VE testified that there were jobs available with these limitations, such as office helper and sales attendant. *Tr. 67*. Accordingly, the ALJ determined that Mr. Brock could perform a significant number of jobs existing in the national economy and found he was not disabled.

### III.  DISCUSSION

#### A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.  Mr. Brock's Arguments for Reversal

Mr. Brock asserts the following reasons for reversal: (1) the RFC failed to incorporate a requirement that Mr. Brock have restroom access as needed and in close proximity; and (2) the ALJ erroneously discounted Mr. Brock's testimony based on alleged inconsistent statements. *Doc. 13 at 1-2*.

#### 1.  Restroom Limitations in RFC

Mr. Brock alleges that the RFC "is not supported by substantial evidence because it failed to incorporate limitations that required [him] to have restroom access as-needed, and for the bathroom to be located close in proximity to [him], as confirmed by the physician found persuasive by the ALJ." *Id. at 6*. To support his argument, Mr. Brock relies on evidence from his primary care physician, Dr. Mark Ramiro. On September 5, 2018 – nine months before the alleged onset date – Dr. Ramiro wrote a letter advising that Mr. Brock "has been referred to a Gastroenterologist to rule out IBS. In my opinion, he needs to stay in his current position, in order to have access to a bathroom as needed." *Tr. 788*.

The ALJ considered Dr. Ramiro's opinion and found it "persuasive, to the extent that the record does support the claimant's need for some level of increased

access to a restroom." *Tr. 20*. In determining Mr. Brock's RFC, the ALJ noted that "because one of the claimant's physicians directly opined him to need ready access to a restroom, the undersigned finds the claimant cannot perform off-site work that is not near a restroom." *Tr. 18*. Accordingly, the RFC specified "no exposure to off-site work away from restroom facilities." *Tr. 14*.

The fact that the words "as needed" did not appear in the RFC is irrelevant. A working adult with access to a restroom is presumed to have permission to use it as needed. The qualifier "nearby" is similarly unnecessary because Mr. Brock is restricted from working "away from" the restroom. The RFC's restroom limitation sufficiently accounted for the fact that Mr. Brock might have more urgent needs than someone without his impairment.

Mr. Brock has not demonstrated that he requires restroom limitations beyond those already accounted for in his RFC. See *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (claimant retains burden of persuasion to demonstrate RFC and prove disability). Other than Dr. Ramiro's note and Mr. Brock's testimony, the record has only a few references to "occasional fecal incontinence." *Tr. 830, 916*. In fact, the record is replete with evidence of constipation, the complete opposite issue. *Tr. 831, 832, 904, 917, 930, 931, 933*. The ALJ also noted that Mr. Brock's medical records were either "unremarkable for signs of gastrointestinal, abdominal, or back-related dysfunction" or "revealed only modest signs of gastrointestinal concern . . . ." *Tr.*

*17*. Furthermore, two state agency medical consultants opined that Mr. Brock had no severe impairments at all. *Tr. 72-80, 83-93*. However, the ALJ rejected their findings and made a more restrictive RFC determination in Mr. Brock's favor. *Tr. 19*. The Court finds that substantial evidence supports the ALJ's RFC.

### 2. Discounted Testimony Based on Inconsistent Statements

Mr. Brock argues that "[t]he ALJ improperly found [his] retirement as a basis to dismiss his testimony while being aware [that Mr.] Brock testified that he retired solely because of the impact his impairments had on his ability to sustain employment." *Doc. 13 at 11-12*. He also argues that the ALJ erroneously considered a lack of hypertension symptoms, before his alleged onset date, as a basis for discounting his credibility. *Id. at 13*.

An ALJ must consider the *Polaski* factors when evaluating the credibility of a claimant's subjective complaints. *Polaski v. Heckler*, 739 F.3d 1320, 1322 (8th Cir. 2010). Those factors include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (quotation omitted). An ALJ need not discuss each of the factors in his opinion, so long as he acknowledges and considers them before discounting the claimant's subjective complaints. *Id*. The Court will generally defer to the ALJ's credibility determination. *Id*.

The ALJ noted that six days before Mr. Brock's alleged onset date, Mr. Brock "reported no hypertensive symptoms, and told his examining physician that he planned to retire." *Tr. 19.* Although the ALJ did rely on this statement and noted that Mr. Brock told his doctor he intended to retire, these facts are not the only evidence the ALJ considered when discounting Mr. Brocks' testimony. The ALJ found that "the claimant's self-reported activities of daily living also fundamentally undermine any contention of greater dysfunction" than that covered by the RFC. *Id.* He noted that Mr. Brock had no difficulty performing personal care activities, making meals, or shopping, and that he went to church regularly. *Id.* The ALJ also noted that "most tellingly, [Mr. Brock] stated that he helped take care of his daughter, whose diabetes caused her to have special and uncommon care requirements." *Id.*

Alone, these tasks may not indicate the ability to work full-time. However, the ALJ properly considered them in assessing Mr. Brock's subjective complaints. *Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017) (driving, shopping, cooking, and doing laundry may be inconsistent with disabling pain); *Wagner v. Astrue*, 499 F.3d 842, 852 (8th Cir. 2007) (affirming district court decision finding claimant's subjective complaints not fully credible where claimant engaged in "extensive daily activities"). The ALJ also considered the fact that Mr. Brock had been subjected to only conservative treatment for his impairments. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has

undergone only conservative treatment when evaluating the severity of the impairments).

Mr. Brock also complains that the ALJ did not consider his work history. *Doc. 13 at 12.* To the contrary, during the hearing, the ALJ said, "[Y]ou have an impressive work history. I, I admire that very much." *Tr. 55-56.*

Clearly, the ALJ did not rely exclusively on Mr. Brock's comments about retirement and the absence of hypertension symptoms when discounting Mr. Brock's subjective complaints. The ALJ applied the proper legal standards in evaluating Mr. Brock's subjective complaints and articulated several valid reasons for discounting his credibility. Accordingly, the Court should defer to those findings. Furthermore, the ALJ's final decision is supported by substantial evidence on the record as a whole.

## IV.   CONCLUSION

For the reasons discussed above, the Court finds that the ALJ applied the proper legal standards in evaluating Mr. Brock's claims and substantial evidence supports the decision to deny benefits. The Court further finds that Mr. Brock's remaining arguments are without merit.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

IT IS SO ORDERED this 24th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE