IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TYRONE BROCK**                                                      **PLAINTIFF**

**v.**                    **Case No. 4:21-cv-00631-KGB-ERE**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                      **DEFENDANT**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 17). Plaintiff Tyrone Brock filed objections to the Recommendation (Dkt. No. 18). After careful consideration of the Recommendation and Mr. Brock's objections, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 17).

The Court writes separately to address certain of Mr. Brock's objections (Dkt. No. 18). In his objections, Mr. Brock restates many of the state arguments made to support his appeal of the Administrative Law Judge's ("ALJ") determinations (Dkt. Nos. 13, 18). Mr. Brock asserts that the Recommendation does not address his contention about the "actual language" of the ALJ's residual functional capacity ("RFC") determination regarding restroom limitations (Dkt. No. 13, 1–2). Mr. Brock further asserts that the Recommendation improperly discounted his arguments about the location and proximity of the restroom as assessed by the ALJ in the RFC (*Id.*, at 2–4). He asks that the Court reverse and remand "with instructions for the ALJ to reconsider the RFC." (*Id.*, at 4).

The Court acknowledges Mr. Brock's objections. The Court also acknowledges that, under binding circuit precedent, the Court's function on review is "narrow." *Pearsall v. Massanari*, 274

F.3d 1211, 1217 (8th Cir. 2001). As Judge Ervin correctly noted, "the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole." (Dkt. No. 17, at 3 (citing *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2015)). Having reviewed the entire record *de novo*, the Court agrees with Judge Ervin's analysis that "[t]he RFC's restroom limitation sufficiently account for the fact that Mr. Brock might have more urgent needs than someone without his impairment." (*Id.*, at 5). Moreover, the Court agrees with Judge Ervin's conclusion that substantial evidence supports the ALJ's RFC (*Id.*, at 5–6). The Court overrules Mr. Brock's objections (Dkt. No. 18).

For the foregoing reasons, the Court adopts the Recommendation as its findings in all respects (Dkt. No. 17). The Court affirms the Commissioner's decision, denies Mr. Brock's request for relief, and dismisses with prejudice this case.

It is so ordered this the 13th day of February, 2023.

_____
Kristine G. Baker
United States District Judge